IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## STATE OF TENNESSEE v. DONALD SOLOMON

**Direct Appeal from the Circuit Court for Franklin County**
**No. 15166     Buddy D. Perry, Judge**

---

**No. M2004-01264-CCA-R3-CD - Filed June 7, 2005**

---

The defendant, Donald Solomon, pled guilty to theft of property valued at $1,000, but less than $10,000, a Class D felony. After conducting a sentencing hearing, the trial court classified the defendant as a Range I, standard offender and sentenced him to four years in the Department of Correction. The trial court ordered the defendant to serve the sentence consecutive to a sentence in another case for which the defendant was on probation at the time. In this direct appeal, the defendant presents the single issue of whether the trial court erred in sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Joseph M. Tipton and Norma McGee Ogle, JJ., joined.

David O. McGovern, Assistant Public Defender, for the appellant, Donald Solomon.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel Criminal Justice Division; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

The brief recitation of the facts at the plea hearing to which the defendant acquiesced established that he had taken sums of money from several individuals to purchase all-terrain vehicles. Rather than purchasing and delivering the vehicles to the buyers, the defendant misappropriated the money to support his drug habits. The presentence report revealed that the defendant, at the time this offense was committed, was on felony probation in Coffee County for passing worthless checks in an amount more than $1,000 and for six counts of theft over $1,000.

The presence report also showed a series of similar prior felony convictions, a pending probation violation, and twelve cases pending in Coffee County that allege eighteen additional thefts.

At the sentencing hearing, the defendant admitted that he had "ten prior convictions for doing the same thing that [he was] convicted here for, taking money from people, promising them stuff and . . . never deliver[ing] on [his] promise." The defendant further acknowledged that he was on probation at the time he committed this offense. At the conclusion of the hearing, the trial court stated:

> The range in the case is two to four years.
> I'm going to treat for the purpose of mitigating factors the nonviolent nature and his age. I'm going to find as enhancing factors the prior criminal conduct and the fact that he was on probation at the time of the offense. I'm giving virtually no weight to either of the mitigating factors. I'm recognizing them and giving them a very minimum amount of weight. I think the enhancing factors significantly, in this case, particularly the course of prior criminal conduct, significantly outweigh the mitigating factors and I'm going to set the sentence at four years. He is presumed entitled to alternative sentencing. However, in this case I think he's demonstrated to the Court that alternative sentencing is not going to be sufficient deterrent . . . and I'm going to require him for that reason to serve the four year sentence [in the] Department of Corrections [sic].

In justifying its order that the sentence be served consecutively to the sentence for which the defendant was on probation, the trial court stated, "the fact that [the defendant] went back to the scheme and did the same thing while on probation justifies this Court imposing a sentence that's not simply a concurrent sentence." Subsequently, the defendant filed notice of this appeal.

**Analysis**

In this appeal, the defendant relies on <u>Blakely v. Washington</u>, 542 U.S. - - - -, 124 S. Ct. 2531 (2004), to argue that his Sixth Amendment right to trial by jury was violated by the trial court's application of enhancement factors neither admitted by him nor found by a jury. Specifically, he contests the trial court's application of enhancement factors (2), prior criminal conduct, and (9), unwillingness to comply with the conditions of a sentence involving release into the community on probation at the time of the offense. Tenn. Code Ann. § 40-35-114(2), (9).

The State contends that the defendant has effectively waived this argument by failing to raise the argument prior to appeal. We agree. In the recent decision <u>State v. Gomez</u>, - - - S.W.3d - - - -, No. M2002-01209-SC-R11-CD (Tenn. April 15, 2005), the Tennessee Supreme Court announced that Tennessee's sentencing structure does not violate the Sixth Amendment. <u>Id.</u> at - - - -. The court also determined that <u>Blakely</u> did not establish a new rule of law. <u>Id.</u> at - - - -. As such, the defendant, who has failed to assert this issue prior to appeal, has effectively waived the issue.

Furthermore , the <u>Gomez</u> court concluded that a Tennessee trial judge's discretionary application of sentence enhancement factors absent an admission or jury finding does not amount to plain error. <u>Id.</u> at - - - -.  In accordance with this reasoning, we conclude that the defendant's <u>Blakely</u> challenge does not necessitate the reversal of his sentence.

### Conclusion

We affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE